Good morning and welcome to the Ninth Circuit. Judge Hawkins, Judge Fletcher and I are glad to welcome you here today. We have three arguments set for argument this morning. We just asked you to watch your time and let us know if you want to reserve time for rebuttal and then try and close up as your time's expiring. We'll go ahead and move into our first case set for argument which is Ameelyenah v. United States. That's case number 23-3954. Mr. Burke. May it please the court. Good morning. My name is Michael Burke and I represent Mr. Ameelyenah in his appeal from the District Court's imposition of a statutory maximum sentence of a hundred and twenty months for his conviction for assault under 113a6. I will keep track of my time and attempt to reserve two minutes for rebuttal. We are asking that this court vacate the 120-month sentence imposed by the District Court as both procedurally unreasonable and substantively unreasonable. Under the framework established by Gall and this court's precedent, the first step is to consider whether the sentencing was procedurally unreasonable and as we argue in our opening brief, we believe it is for two reasons. The District Court is required to adequately explain a sentence in order to permit this court to review meaningfully the reason. But why didn't he do that? I mean as I go through the record, the District Court explained this was a brutal abuse that happened, significant damage, physical damage, multiple assaults. He was familiar with this particular defendant because he'd already sentenced this defendant in 2019. So there were at least five women, or at least five incidences. I don't know if they were all different women, but why isn't that, doesn't that give us enough to go on? Well the case law is very clear that when a judge varies above the guidelines, they must explain the reason for the variance. And the law is also very clear that the greater the variance, the more significant the explanation needs to be. The judge in this case did that exactly, Your Honor. He did state those reasons, but those reasons were identical to what Mr. Lickvar had already argued in his motion seeking an upward variance of 24 months. There were, there was no distinction. And the judge granted that variance. So I don't understand then. He might have the same reasons. He might have attached greater weight to those reasons. Let me ask the question in a slightly different way. What should he have said that in your mind would satisfy the sentence he imposed? Your Honor, after granting the government's request for an upward variance, the court should have explained why he believed that the additional time, up to 87 months, was not sufficient in this case. And for, to explain for this court, so that it could review its reasonableness of its decision. Well, I read what the district judge said at sentencing, and I thought that was an explanation. My colleague here gave you the, sort of the bare bones of it, but he knew this defendant. He had a very long record, including the prior sentence in the federal court, but a lot of assaults that had been brought to the tribal court. I mean, what more is he supposed to say? But, Your Honor, he's supposed to explain why 87 months, the variance he granted, was insufficient. Well, as I read it, I think he did. And that was, that was his reasoning. Well, if that was his reasoning, then, Your Honor, I would say that there was another error that the judge committed, which was a procedural error. That, that would, likewise. You mean, substantive. I thought. No. We identified two procedural errors. Oh, that's the evidentiary one, which actually seemed to be your stronger argument. I mean, you have an email, this is the one where you have the email from his, I guess, his wife. His partner. Partner at the time, where she says, I want him home, and he discounts that. I'm interested in that, because what was the judge supposed to, I mean, can the judge not rely on his common knowledge? I mean, as he noted, he's dealt with domestic abuse for, you know, decades, as both a lawyer and a judge. Can't he look at that and say, hey, I've seen this pattern over and over again, and I don't believe this. He could say that. What the judge here said was, I have absolutely no doubt that you called the victim and told her to write this email. That's a factual finding that is completely unsupported by any evidence in the record. There was evidence at trial that Mr. Emilia spoke with the victim in a phone call that says, you know, if you don't get served, you don't testify, and I don't testify, maybe this will go away. That was the only evidence. The government presented no evidence in sentencing. There is no evidence that Mr. Emilia spoke to the victim in this case and told her to write the letter. In fact, I find it very dismissive to the victim in this case to assume that she's only doing what the defendant told her to do. The reason she wasn't at sentencing was because there was a death in the family. He didn't believe that either. The district court judge didn't actually believe that either because there was already, as I understand it, she'd already made, even before that, I don't want to say excuse because maybe it is legitimate, but at least the district court thought she'd already, she had already indicated, there was already some indication she wasn't going to show up even before the death occurred or allegedly occurred. That's not ringing a bell with me, Your Honor, but I will concede that that is a possibility, but the fact remains that the judge, and we cannot say that the judge did not, at least in part, base his sentence on his belief about actions that he believed beyond any doubt that the defendant had done, but he believed it without any proof. So that is our second argument, and that is procedurally unreasonable, and Well, I guess I would agree with you if there was actually evidence that he used that factual finding to up the sentence, but I viewed his discussion as saying that's why he was going to discount this mitigating evidence. I didn't hear him say... Well, he certainly disregarded it. Right. He disregarded the mitigating, but I don't think he ever said, because you called her and put pressure and coerced her, I'm going to increase your sentence. But I think that's a reasonable assumption that it was part of his sentencing calculus, and also, if this court were to agree, as we argued it, it was a procedural error for him to do that, it would be the government's obligation to prove that it did not affect his sentence in this case, and they have not done that. It's clearly part of his analysis. His disdain for my client ties in, yes, to his store, and that is another factor, Your Honor. The judge's sentence in this case, the maximum that Congress thought should be ever imposed, ignores the critical role of the guidelines in sentencing, ignores the expertise of the U.S. Attorney's Office, who carefully reviewed this, argued exactly what this judge said and said, this requires 87 months. The judge added on an additional almost three years, 33 months, without any explanation as to why the government was incorrect in their analysis, and that is a procedural error. Can I, before, I don't want to push you off, but before you run out of time and save for rebuttal, I want to hear about the oral fine, because he, this is a very confusing issue to me, he orally says, you get a $2,000 fine, you can pay it, I'm setting up a payment plan, and we're supposed to go with the oral statement. The written says, no fine, I'm waiving it because you can't pay it. Right. What, in a normal world where there's inconsistency there, we would remand it so that the district court could conform the written order to the oral order. I wonder if there's some evidence to suggest that the judge actually changed his mind before he issued the written order, so what would you have us do here? I would believe that because of the disparity, that the case would need to be remanded for the district court to explain that the difference. There's no evidence that I'm aware of that the judge... He would have to actually re-sentence on that particular issue. He couldn't, well, he could do one of two things. He could either conform it and reimpose the fine, which is bad for your client, or he'd have to bring your client back in and re-sentence him, right? Right. Okay. But the record has to be clear, Your Honor. Okay. So, and we believe that regardless of whether this court agrees with me on the procedural and substantive unreasonableness of the sentence, that there was also a Wolfchild error in this case. So, the case would need to be remanded anyway. So, we would argue, and I will reserve the remainder of my time, but the appropriate remedy would be to remand this case for a complete re-sentencing. Good morning, Your Honors. May it please the Court. My name is Vinny Likpar. I am the plaintiff's attorney, and I'm here to face the appellee. Your Honors, according to the case files reviewed and referenced by the district court in this case, and alluded to by Your Honor this morning, the defendant had engaged in some combination of severely beating, threatening, sexually abusing, attempting to rape, kidnapping, and strangling four different women in a seven-year period between 2015 and 2022. There's no question that the facts are just horrible. But this case is going to go back anyway, right? I mean, this is hardly a model of the best sentencing process ever imposed. We don't know what the situation with the fine is. We don't know, is there a special condition of release? Can he have visitation with his wife or domestic partner? Can he see his children? All of those things are one way in the oral, they're another way in the written. So it's going back anyway, right? Your Honor, I will address each of those issues in turn. I don't think the United States' position is that it doesn't have to go back on any of these issues. Okay, let's start with the fine. Does he have to pay a fine? Your Honor, no. The case law is clear in United States v. Olson in the Ninth Circuit when there was a clear discrepancy like the United States acknowledges that there was here that the written judgment controls. Excuse me, the oral pronouncement controls. Okay, is this fine imposed, waived, conditioned? Is there a payment schedule? Can he show that he can't pay? What in the sentencing answers those six things? Your Honor, the court announced the fine for the defendant and explained which portion of the fine was the assessment, was the fine, the restitution. At a minimum, we have to send it back for the district court to conform the written order, even if you're right on that, to conform the written order to the oral order. Your Honor, in the United States v. Olson, the Ninth Circuit amended it itself, but I want to be clear. I give you that, but most of the time we don't do that. We do a limited remand. Granted, a lot of those are unpublished opinions, but our standard practice tends to be do a limited remand, and I've got to be honest. I would tend to want to do a limited remand here because I think there's some suggestion that the district court might have actually changed his mind before he issued the written order. I mean, these are so diametrically opposed. Your Honor, I want to be clear. The United States tends to agree with the court that if it feels that there's some ambiguity, this case can be sent back on a limited remand to either a firm... Well, this isn't about ambiguity. This is about direct conflict. Yes, Your Honor. Ambiguity is the wolf child issue, but not on the... The fine isn't ambiguous. There's conflict. Yes, Your Honor. In light of that conflict, the United States believes that the court can send it back. I was highlighting an instance in which this court of course had amended the judgment when there had been a clear discrepancy between the oral pronouncement and the written judgment, but the United States agrees that this case can be limited remand for the fine. Moving to the next subject, which Your Honor referenced, which is the special condition number six, I think the court has to look at that in context. And the first part of the context is, what is the question? The question presented was not, can he have contact with his children? The question was, can he have contact with the victim on his own with no supervision to then contact the children? And the court's first sentence out of its mouth is, before you contact her, that you have to get permission. And the children had nothing to do in this case. In fact, during sentencing, the court wasn't even clear how many children he had or if he had any biological children with the intimate partner. So it's clear what the court is saying when it makes comments like, I will not allow it. It's clear that the court is saying, the district court does not want the defendant to contact the victim on his own. When looking holistically... When looking holistically at the written judgment and what the court is saying, the court is not saying he can't contact his children. The court is saying that he cannot on his own contact the victim to go through the children. The first thing he says, which was consistent with the United States' position at the time is, you can't do it alone. He will not allow it. You need to seek permission to contact the victim to then talk to children. We can read those words. But if his intent, and it's anything but clear, was that he was to have no contact with the children, and there may be a record for that, he didn't make the special findings that are required to make that a special condition. Correct? That is correct. Your Honor, that is correct. The United States' position is that when looking holistically at the question that was raised, not can he have contact with the children, it's can he contact the victim directly on his own to then have contact with the children. That answer, he said, was no. And that's why the written judgment doesn't prevent contact with the children. It only prevents direct contact with her. And the court, again, said you must get permission before you're contacting her to get to the children, which was the United States' position. You know, so far, what we've been discussing with you is very easy. That is to say we just can send it back to the district judge, ask him to clarify, and then he can go forward. The harder part for me is what do we do with the length of the sentence, and what do we do with the fact that he was so clear that this statement from the victim was, I'll say, encouraged or coerced or, you know, without any evidence beyond his experience in this type of case? Your Honor, I do think that there was evidence beyond his experience in this type of case for this, and so... So what is that evidence? Your Honor, in the trial, and all of the United States, of course, talks about the district court is the best position to, having sat through trial, to weigh the evidence that comes in. At trial in this case, there was testimony about a recorded call that the defendant had called the victim, and the appellant alluded to this and effectively told her not to cooperate with the United States. She then did not testify at the trial, which the district court referenced. There's a disconnect there. I mean, what the judge said at sentencing was, I think you, the defendant, called this person and demanded, encouraged, coerced you to write a letter supporting leniency. That connection has not been made, has it? Through reasonable inferences, strong reasonable inferences. Can you start your answer to my question with a yes or no? Is there a connect in the evidence? Yes, Your Honor. Tell me what it is. Your Honor, the judge said, quote, it was clear to me the reason she wasn't here to testify in the chair to the left of me was because you two had made up. And in the PSR, the court references that she had, this is the same victim, had been abused. That may get you part of the way there. But what I'm pointing to and what your opposing counsel has pointed to is that the judge said, I think the defendant called this person and had that person write this letter. That connection has not been made in the evidence, has it? There has not been a recorded phone call. There is not testimony that that specific phone call took place. The United States position is that it's a reasonable inference and the judge only need to make findings of fact that sentencing by preponderance of the evidence. Noting that this victim had been assaulted multiple times in her past and had always gotten back together with him, which is exactly what happened at trial. And noting that the trial demonstrated that he exerted power, control, influence over her decisions to cooperate with the United States in this case. This individual was in custody all this time? Yes, Your Honor. Okay. They still record telephone calls coming out of correctional institutions? Yes, Your Honor. Okay. So all of his calls were recorded? Yes, Your Honor. Have they been examined to determine the point I'm trying to make and which you're skirting around is, did he call her and say, write a letter requesting leniency? The United States does not have that direct evidence, Your Honor, that that call was made. Let me ask in a slightly different way. Has the United States looked for that evidence in the phone calls and not found it? Yes, Your Honor. Okay. But again... You rely on the inference? On the reasonable inference established by preponderance of the evidence. But I would also make this point, Your Honor. This court has made clear in United States v. Atherton and other case law that the appellant has to show more than clear error. The appellant has to show that the judge demonstratively relied upon that error in reaching his sentence, which the appellant hasn't shown here. Because I think it's important to note that he talks about this phone call, Your Honors, for a few sentences, amongst pages and pages and pages of other reasoning explaining why he's sentencing the defendant to 120 months' imprisonment, noting as the court referenced earlier, that he had previously sentenced this defendant to a guidelines-range sentence that was clearly insufficient and had no impact on this defendant. I see my time is coming to the end. Your Honor, subject to your questions, we would ask the court to affirm the sentence and the conviction and amend the written judgment to reflect the oral pronouncement of the fine. Subject to your questions, that's all I have. Thank you. Thank you. Very briefly, I'd like to address two points. First, with regard to the government's reliance on the Atherton decision, it has nothing whatsoever to do with the issue in this case. Atherton is a case where there was a defendant who had a plea agreement that prevented him from appealing, and the court did the analysis as to whether there was a constitutional due process violation that would allow him to get around the waiver. That is not what we're talking about here. This is a sentencing error, and the government has the burden of proving that it did not affect the judge's sentence. The second thing I would like to address is with regard to the Wolfchild issue. The government is stating what the record says. The written condition says you must not contact the victim, and the probation officer will verify compliance. That is all it says, and this is what the judge said. You cannot contact the victim in this case, so that means you cannot contact any minor child that you have in this case. It could not be more clear that this is a Wolfchild violation, so we would ask that the court remand the entire case for resentencing.
judges: HAWKINS, FLETCHER, NELSON